IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BUFFY L. M.,[1]        6:18-cv-01505-BR

    Plaintiff,        OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

**KATHERINE L. EITENMILLER**
**MARK A. MANNING**
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street
Eugene, OR  97401
(541) 686-1969

    Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003
**MICHAEL W. PILE**

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

Acting Regional Chief Counsel  
**SARAH L. MARTIN**  
Special Assistant United States Attorney  
Social Security Administration  
701 5th Avenue, Suite 2900, M/S 221A  
Seattle, WA 98104  
(206) 615-3705  

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Buffy L. M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On March 10, 2015, Plaintiff protectively filed her applications for DIB and SSI benefits. Tr. 15, 216, 220.[2]

---

[2] Citations to the official Transcript of Record (#9) filed by the Commissioner on March 8, 2019, are referred to as "Tr."

Plaintiff alleges a disability onset date of November 1, 2015. Tr. 10, 268. Plaintiff's applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on August 2, 2017. Tr. 36-64. Plaintiff and a vocational expert (VE) testified at the hearing. Plaintiff was represented by an attorney at the hearing.

On September 20, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 15-30. Plaintiff requested review by the Appeals Council. On June 11, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner. Tr. 1-3. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 9, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

## BACKGROUND

Plaintiff was born on September 14, 1974. Tr. 28, 216. Plaintiff was 36 years old on his alleged disability onset date. Tr. 28. Plaintiff has at least a high-school education. Tr. 29. Plaintiff has past relevant work experience as a clerical worker (warranty administrator) and forklift operator.

Tr. 28, 59.

Plaintiff alleges disability due to fibromyalgia and migraines. Tr. 67.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 22-28.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454

F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant

can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since February 24, 2011, Plaintiff's alleged disability onset date. Tr. 17.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity, fibromyalgia, chronic pain syndrome, obstructive sleep apnea, diabetes mellitus with neuropathy, thoracic spine degenerative disc disease, and degenerative joint disease of the right knee. Tr. 13.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 14. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: can only

occasionally climb, balance, stoop, kneel, crouch, and crawl and must avoid concentrated exposure to extreme cold, pulmonary irritants, and workplace hazards.  Tr. 20.

At Step Four the ALJ concluded Plaintiff is able to perform her past relevant work as a clerical worker.  Tr. 28.

At Step Five the ALJ found Plaintiff can also perform other jobs that exist in the national economy such as electronics worker, cashier, and "marker."  Tr. 29.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 30.

## DISCUSSION

Plaintiff contends the ALJ erred when she (1) failed to provide legally sufficient reasons supported by substantial evidence in the record for discounting the medical opinion of Albert Agomaa, M.D., Plaintiff's treating physician; (2) failed to provide clear and convincing reasons supported by substantial evidence in the record for discounting Plaintiff's subjective symptom testimony; and (3) failed to provide legally sufficient reasons for rejecting lay-witness statements.

**I. The ALJ did not err in her evaluation of the medical evidence.**

Plaintiff contends the ALJ failed to provide legally sufficient reasons for discounting Dr. Agomaa's opinion.

9 - OPINION AND ORDER

A.   **Standards**

   "In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014).  "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008).

   "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.*  Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007).  An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725.  "The ALJ must do more than state conclusions.  He must set forth his own

interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

   B.  **Analysis**

   Dr. Agomaa began treating Plaintiff on January 24, 2014.  Tr. 518.  Dr. Agomaa diagnosed Plaintiff with fatigue, prediabetes, chronic pain syndrome, hypertension, and gastroesophageal reflux disease (GERD).  Tr. 518, 520.  On May 7, 2014, Dr. Agomaa diagnosed Plaintiff with fibromyalgia and prescribed Tramadol for pain, but the record does not reflect Dr. Agomaa performed a detailed examination to support his diagnosis.  Tr. 526-27.

   On September 10, 2014, Dr. Agomaa noted Plaintiff's fibromyalgia, indicated Plaintiff's current medication did not improve her pain, and referred Plaintiff to a pain clinic. Tr. 534-35.  Plaintiff reported at a follow-up examination on October 10, 2014, that she continued to experience pain and that her medication was not working.  Tr. 536.  Dr. Agomaa, therefore, prescribed a different medication.  Tr. 537.

   Dr. Agomaa does not mention Plaintiff's fibromyalgia again in his records until August 19, 2015, when he performed a Fibromyalgia RFC Assessment.  Tr. 553-57.  In that Assessment he opined Plaintiff could not sit or stand for two hours, could not

walk more than 20 feet without "severe pain," and could sit or stand for no more than ten minutes at one time. *Id.*

The ALJ gave Dr. Agomaa's assessment "little weight" on the ground that it was "so extreme and inconsistent with other evidence in the record" that it was "unreliable as a whole." Tr. 27. For example, although Dr. Agomaa said Plaintiff could not walk more than 20 feet without severe pain (Tr. 555), Plaintiff testified she could walk 10 or 15 minutes without needing a break and that she had "busy days" taking care of her three-year-old child. Tr. 47-48. Plaintiff also testified her last job involved "a lot of walking around," but there is not any indication in the record that she had any problems doing her job.

In addition, on April 26, 2014, Karla Snider, D.O., a consultative physician, noted Plaintiff walked into the examination room without difficulty and did not appear to have any functional limitations. Tr. 27, 421, 423. Dr. Snider also appears to have performed a more detailed examination than Dr. Agomaa. Dr. Snider stated Plaintiff's reported pain was "out of proportion to objective findings" and that Plaintiff had only nine positive tender points during the examination, which is less than the eleven required for a proper diagnosis of

fibromyalgia. Tr. 423.

When the record contains conflicting medical evidence, the ALJ is charged with determining credibility and resolving the conflict. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012).

On this record the Court concludes the ALJ properly discounted the opinion of Dr. Agomaa and provided legally sufficient reasons supported by substantial evidence in the record for doing so.

**II. The ALJ reasonably discounted Plaintiff's subjective symptom testimony.**

Plaintiff contends the ALJ erred when she failed to provide clear and convincing reasons for discounting Plaintiff's symptom testimony.

**A. Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The

13 - OPINION AND ORDER

claimant need not show his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).  A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof."  *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so."  *Garrison*, 759 F.3d at 1014-15.  *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").  General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007).  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834

(9th Cir. 1995)).

### B. Analysis

At the hearing on August 2, 2017, Plaintiff testified she was fired from her job when a new company bought out her employer "and didn't think [she] fit the job." Plaintiff, however, testified she did not have trouble doing the job. Tr. 41. Plaintiff also testified she did not apply for jobs after she was fired because "[t]hings just started to get harder and [she] wasn't feeling good." Tr. 41. She started getting "really bad pains" in her feet and experienced migraines, which have gotten worse. Tr. 42, 51. Plaintiff also testified she lays down daily for about 45 minutes every four or five hours. Tr. 55. She is also able to lift and to carry ten pounds, to sit for fifteen to twenty minutes at one time, and to walk for about ten or fifteen minutes before needing to rest. Tr. 47.

The ALJ concluded Plaintiff's "medically determinable impairments could reasonably be expected to produce her symptoms," but Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 21. The ALJ concluded Plaintiff's conservative treatment helped her symptoms and noted the record

does not reflect any objective findings to support her allegations.  Tr. 22.  For example, In December 2011 Robert Carolan, M.D., a treating physician, advised Plaintiff to exercise for 40 minutes every day.  Tr. 373.  In November 2012 Plaintiff was again encouraged to alleviate her fibromyalgia symptoms with daily stretching and progressive aerobic activity.  Tr. 353.  In June 2013 Plaintiff reported her fibromyalgia pain was "a little better," and she was again encouraged to walk and to stretch every day.  Tr. 332.  As noted, on April 26, 2014, Plaintiff was examined by Dr. Snider.  Tr. 419-424.  Dr. Snider found Plaintiff did not appear to have any functional limitations from fibromyalgia based on tests; that Plaintiff's "reported pain is out of proportion to objective findings"; and that Plaintiff could sit, stand, and walk for up to six hours a day.  Tr. 423-24.  In December 2015 Dr. Agomaa referred Plaintiff to a neurosurgeon for evaluation of her back and leg pain, which Plaintiff reported was so extreme that it caused her to "double over."  Tr. 681.  After examining Plaintiff the neurosurgeon found Plaintiff showed "age-appropriate degenerative changes," but there was not any radiculopathy to indicate that surgery was necessary.  Tr. 685.

The ALJ also concluded Plaintiff's symptom testimony

was contradicted by her daily activities. Tr. 22, 26. For example, Plaintiff testified when she and her husband separated, she took care of two toddlers as a single parent and spent her days "chasing" the three-year-old, doing some housecleaning, and taking care of her own mother. Tr. 40, 48. Plaintiff also reported to Dr. Snider that she was "reasonably independent" in her activities. Tr. 420.

On this record the Court concludes the ALJ did not err when she discounted Plaintiff's symptom testimony and found it was not fully credible because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

### III. The ALJ reasonably weighed the lay-witness statements by Jason S., Plaintiff's ex-husband.

Plaintiff contends the ALJ erred when she failed to provide legally sufficient reasons for rejecting the lay-witness statements of Jason S., Plaintiff's ex-husband, regarding Plaintiff's symptoms.

#### A. Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,*

17 - OPINION AND ORDER

236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006). Germane reasons for discrediting a lay-witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

The ALJ is not required, however, "to discuss every witness's testimony on a[n] individualized, witness-by-witness basis. Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012).

**B. Analysis**

On May 19, 2015, Jason S. provided a Third-Party Function Report regarding his observations of Plaintiff's limitations. Tr. 293-300. Jason S. stated, among other things, that Plaintiff was able to make simple meals and to provide childcare; that Plaintiff was able to do laundry, simple

cleaning, and cooking only with breaks and with his assistance; that Plaintiff was no longer able to vacuum, to mop, or to deep clean without "being down for multiple days" afterward; that Plaintiff did not go outside often except for quick errands or to attend doctor appointments; that Plaintiff could shop in stores at a slow pace to manage her pain; and that Plaintiff's conditions impacted her ability to lift, to squat, to walk, to sit, to kneel, to climb stairs, and to use her hands. Tr. 293-300.

The ALJ gave Jason S.'s statements "some weight," but the ALJ concluded the degree of Plaintiff's limitations indicated by his statements were "not consistent with the record as a whole," including Dr. Snider's opinion regarding Plaintiff's limitations. Tr. 28.

On this record the Court concludes the ALJ did not err when she discounted the lay-witness statements of Jason S. because the ALJ provided germane reasons for doing so.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

19 - OPINION AND ORDER

IT IS SO ORDERED.

DATED this 10th day of December, 2019.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge